The Law Abstract Co., 309-310 The Arcade
Cleveland, O.

### THE ABSTRACT REPORTING SYSTEM

consists of Epitomized Opinions in Ohio cases from the following courts:

**Federal Courts:**—United States Supreme Court; Circuit Court of Appeals, Sixth District; U. S. District Courts of Ohio, Northern and Southern, covering all the written opinions handed down by the judges.

**State Courts o fOhio.**—The Ohio Supreme Court; the Ohio Court of Appeals, nine Districts; the Nisi

Prius cases of the County Common Pleas and City Municipal Courts, and the Quasi Judicial Opinions of the Attorney General and other Officers and Boards exercising judicial functions.

**Digests**—A Weekly Digest of all opinions in each number; a weekly cumulative Digest of all opinions in the preceding issues of the month; a Monthly Digest of all opinions, each month; a Quarterly Digest of each three months period; and semi-annual and annual issues, constructed and conducted so as to make it easy and sure to quickly find any desired, existing case.

**Prompt and Complete Publication.**—All the available opinions in Ohio cases, decided in these courts and handed down in such form that they can be transcribed, will be printed as fast as they can be carefully reported and be prepared for the press, and publicity will follow close after the decrees of the judges.

### EDITORIAL

The publishers of The Abstract feel that they have anticipated, if not initiated, the work recently announced by the American Law Institute, for which it has received a gift of $1,075,000 from the Carnagie Corporation, to aid in simplifying and restating the laws of the nation. Our plan of work is to so restate the decision of Ohio Courts, by condensing and brief them, as to not only clarify and simplify them, but also enable us to give our patrons an up-to-date opinion publication service. In this we are not only pioneering the way to this reform but to others which we will add from time to time, that will make for still greater good to the legal profession.

## COURT OF APPEALS of U. S.

CINCINNATI
No. 352

### FREIBERG MAHOGANY CO. v. BATESVILLE LUMBER & VENDER CO.

U. S. Court of Appeals, Sixth Circuit
No. 3678. Dec. 8, 1922

This opinion has not been published except in Abstract

SALES—(1) There is no error where a court submits the question whether the goods conform to the contract to the jury—(2) Verdict not manifestly against the weight of evidence—(3) Measure of damages—(4)—No error committed where court uses specific sums to illustrate rule of damages.

Knappen, Denison and Donahue, JJ.

DONAHUE, J.

Epitomized Opinion

Error to S. D. Ohio, W. D. John W. Peck, J.

Judgment Affirmed

This was an action to recover the contract purchase price of mahogany veneers, bought by the Batesville Lumber & Veneer Co. The Batesville Co. had agreed to cut certain veneers from logs in its yards selected by the Freiberg Co. After these veneers were cut they were rejected by the Freiberg Co. before shipment was made. It assigned as its reason for such rejection "bad workmanship either in cutting or drying." Later the Batesville Co. made shipment of part or all of these veneers which shipment was refused and the veneers were returned to it and held by it for the account of the Freiberg Co. The Batesville Co. contended that they had complied with all the directions of Brockman, an agent of the defendant, and manufactured the veneers to his entire satisfaction. The defendant company denied that all directions and suggestions of Brockman had been complied with. A verdict was rendered for the plaintiff for the entire amount of the purchase price. The defendant company prosecuted error. In affirming the judgment of the lower court, the United States Circuit Court held:

1. The court did not commit error in submitting to the jury the question whether the veneers manufactured by the plaintiff failed to comply with the contract as to good workmanship, not only in the cutting, as especially provided for by the contract itself, but also in the drying of the same.

2. The verdict of the jury that the contract had been substantially complied with was supported by sufficient evidence.

3. Where there is an available market for the goods in question, the measure of damage is, in the absence of special circumstances showing proximate damages of a greater amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted, or if no time is fixed for acceptance then at the time of refusal to accept.

4. No error was committed simply because the court in its charge on the question of damage used various specific sums to illustrate the measure of damages.

Attorneys—Murray Seasongood, Cincinnati, for Freiberg Co.; Benton S. Oppenheimer, Cincinnati, for Batesville Lumber & Veneer Co.

## DISTRICT COURTS of U. S.

NORTHERN AND SOUTHERN DISTS. OF OHIO
No new cases this week.